**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Betts, | No. CV-16-01579-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff David M. Betts seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     BACKGROUND**

Plaintiff was born in April 1969. He graduated from college and later obtained a mortgage broker's license and obtained a certificate for boat brokering. He has worked as a manager at a marina, a customer associate for an internet bank, a property manager, general manager at a boat storage and service business, a car salesman, and a boat broker. Plaintiff stopped working in 2010 as a result of chronic back pain that worsened as a

result of an assault in 2002 and another assault on September 7, 2010. Plaintiff testified that standing or sitting upright causes him to experience intense upper thoracic pain.

On August 6, 2012, Plaintiff applied for a period of disability and disability insurance benefits. On August 15, 2012, Plaintiff applied for supplemental security income. In both applications, Plaintiff alleges disability beginning September 7, 2010. On June 2, 2014, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. On August 22, 2014, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On May 23, 2016, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

Claims that are not actually argued in an appellant's opening brief are not considered on appeal. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Only issues that are argued specifically and distinctly in a party's opening brief are reviewed. *Id.* Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is highly deferential." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

## III. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears

the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2011, and that he has not engaged in substantial gainful activity since September 7, 2010. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the thoracic spine. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions: The claimant can never climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs and can occasionally balance, stoop, crouch, kneel and crawl.

The ALJ further found that Plaintiff is able to perform his past relevant work as a marine service manager, financial services sales representative, property manager, and motor vehicle sales representative.

## IV. ANALYSIS

### A. The ALJ Did Not Deny Plaintiff Due Process by Denying His Subpoena Request.

"When it is reasonably necessary for the full presentation of a case," an ALJ may issue subpoenas on his own initiative or at the request of a party. 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1). A request from a party must "state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena." §§ 404.950(d)(2), 416.1450(d)(2).

On February 24, 2014, Plaintiff, who was then unrepresented, requested that the ALJ issue subpoenas for three witnesses to testify at a hearing set for March 13, 2014: Paul Wang, D.O.; Todd Doerr, M.D.; and Abram Burgher, M.D. Plaintiff stated, "Because I have a rare thoracic spinal condition, I need their testimonies at this hearing in order to prove the timing and severity of the debilitating effects." This request did not identify important facts that the witnesses were expected to prove or indicate why these facts could not be proven without issuing a subpoena. If Plaintiff believed the statements and records of these medical providers needed to be supplemented, he could have asked them to provide additional statements for submission to the ALJ.

On May 29, 2014, Plaintiff appointed a representative to represent him regarding his claims for Social Security disability insurance benefits and supplemental security income.[1] On June 2, 2014, a hearing was held before the ALJ during which the three witnesses did not appear, and Plaintiff's counsel did not object. This issue therefore was not preserved for appeal.

---

[1] Plaintiff is permitted to engage legal counsel for Social Security Administration proceedings and judicial appeals, but counsel is not appointed or provided for claimants. It was not the ALJ's responsibility to ensure that Plaintiff communicated with the counsel that Plaintiff appointed as his representative.

- 4 -

In his hearing decision, the ALJ stated:

> The claimant filed a motion requesting that I subpoena three of his treating physicians to testify at the hearing on his behalf (Exhibit 18E). As medical records from all three were submitted and reviewed, I did not find it necessary to obtain testimony from these witnesses and denied the motion.

Even if this issue had not been waived, the ALJ did not err in denying Plaintiff's request to subpoena medical doctors whose records had been submitted and reviewed in light of Plaintiff's failure to identify why additional testimony beyond their records was needed and could not be obtained without subpoenas.

### B. Plaintiff's Post-Hearing Evidence Does Not Warrant a Remand for Further Proceedings.

Plaintiff asks the Court "to remand this matter for further hearing inclusive of what appears as Exhibit A and any other post hearing medical information that is available." Exhibit A to Plaintiff's Opening Brief is the transcript of Dr. Burgher's trial testimony on September 16, 2014, in a civil case brought by Plaintiff in 2012 for the 2010 assault. The Opening Brief also includes Exhibits B through F, which are not mentioned in the Opening Brief, but might be "other post hearing medical information." Plaintiff's Reply Brief refers to Exhibits B and D as though they are exhibits to Exhibit A. Exhibit C appears to be the same as the assessment submitted to the Appeals Council. Out of an abundance of caution, the Court considers all of the exhibits attached to the Opening Brief.

"The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence material to Plaintiff qualifying for Social Security disability insurance must show that Plaintiff was unable to work from the alleged onset date, September 7, 2010, through the last date insured, September 30, 2011, and continued to be unable to work through the present. Records from 2014 and 2016 do not show that Plaintiff was unable to work in 2010-11.

Further, Dr. Burgher began treating Plaintiff for pain in January 2012. He could have completed the Pain Functional Capacity (RFC) Questionnaire (Exhibit B) and Medical Assessment of Ability to Do Work Related Physical Activities (Exhibit C), both dated October 24, 2014, before the ALJ hearing on June 14, 2014. Plaintiff has not shown good cause for failing to incorporate post-hearing evidence into the record in a prior proceeding.

Moreover, Dr. Burgher's opinions do not demonstrate that Plaintiff is disabled. On September 21, 2013, Dr. Burgher responded in writing to questions posed by Plaintiff's attorney. At that time, Dr. Burgher refrained from expressing an opinion regarding Plaintiff's functional limitations and instead recommended that Plaintiff undergo a functional capacity evaluation to determine current occupational and other limitations experienced as a result of pain. He stated that Plaintiff obtains pain relief from radiofrequency neurolysis (*i.e.*, nerve ablation) of the facet joints. At trial on September 16, 2014, Dr. Burgher testified that although there is no surgery to treat pain from the facet joints, Plaintiff has responded significantly to radiofrequency ablation, which has abated Plaintiff's pain for 6 to 18 months before the nerves have grown back and must be cauterized again. At trial, Dr. Burgher opined that pain severely impairs a person's ability to work by causing difficulty in social interactions, mental and emotional abilities, reaching, and sitting for long periods of time. Although Dr. Burgher completed a Medical Assessment of Ability to Do Work Related Physical Activities (Exhibit C), the only findings he identified as support of limitations was: "Documented spine disease in the medical record." In summary, Dr. Burgher said someone else should evaluate Plaintiff's functional limitations, the medical record shows a physical condition that could cause pain, people who experience pain often have difficulty working, and therefore Plaintiff probably has some functional limitations.

The other records Plaintiff attached to his Opening Brief also do not support Plaintiff's disability claim. They document "minimal" and "mild" degenerative disc disease, pain relief from facet injections and radiofrequency ablations, and a

recommendation on May 10, 2016, to obtain ganglion blocks from T3 to T5 bilaterally. Physical therapy notes show muscle spasms with stretching were not typical for Plaintiff, but the previous day "he was working out in the yard hedging." On another day, physical therapy notes said, "He has not been diligent with his exercise program."

Therefore, the Court will not order remand for administrative consideration of new evidence because Plaintiff has not shown that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 27th day of September, 2017.

_____
Neil V. Wake
Senior United States District Judge